```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


HCP III Arlington TS LLC,        )
                                 )
       Plaintiff,                )
                                 )
   v.                            )   No. 20 C 7190
                                 )
                                 )
Grupo Cinemex, S.A. DE CV.       )
                                 )
       Defendants.               )
```

<u>Memorandum Opinion and Order</u>

The complaint in this case alleges that plaintiff is an LLC organized under the laws of Delaware and that defendant is a *Sociedad Anónima de Capital Variable* ("S.A. de C.V.") formed under the laws of Mexico. Plaintiff sued defendant in the Circuit Court of Cook County to enforce payment of a guaranty that plaintiff claims defendant owes it under a certain lease agreement. Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting diversity jurisdiction. Plaintiff seeks to remand the case on the ground that defendant's removal allegations are both facially inadequate to establish federal jurisdiction and substantively mistaken, as the record demonstrates conclusively that complete diversity is lacking—a defect that jurisdictional discovery could not cure. Plaintiff

also argues that the removal was untimely. For the reasons that follow, I grant the motion to remand.

Federal courts have "an independent obligation to ensure that jurisdiction exists." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, the Seventh Circuit has repeatedly admonished "bench and bar alike" regarding "the importance of scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). In this connection, the court has emphasized, "in no uncertain terms, that if jurisdiction depends on diversity of citizenship," the party invoking federal jurisdiction "shall identify the citizenship of each party to the litigation." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Because "the citizenship of an LLC is the citizenship of each of its members," when a party is organized as an LLC, the jurisdictional statement to the court "must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id*. at 534. This means that the party invoking federal jurisdiction must "trace[] through however many layers of partners or members there may be" to allege adequately the citizenship of an LLC or other unincorporated association. *Meyerson*, 299 F.3d at 617.

Defendant's jurisdictional statement falls woefully short of this standard. The notice of removal states that defendant "is a Mexican entity formed under the law of the United Mexican States as *Sociedad Anónima de Capitol [sic] Variable* ("S.A. de C.V.") ... and has a principal place of business in Mexico City, Mexico. Accordingly, Grupo Cinemex is a citizen of a foreign state." DN 1 at ¶ 8. As for plaintiff, defendant asserts that it is "a limited liability company formed under the law of the State of Delaware," and that "[u]pon information and belief, Plaintiff does not have any members that are citizens of Mexico City, Mexico." *Id.* at ¶ 9. The deficiencies in these allegations are numerous and facially apparent.

To begin, defendant makes no effort to characterize a Mexican "S.A. de C.V." in terms of the business organizations recognized by U.S. law. Defendant's jurisdictional statement tacitly suggests that the entity should be analyzed similarly to a U.S. corporation for jurisdictional purposes.[1] That might be correct, *see White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 687 (7th Cir. 2011) ("sociedad anónima [under Uruguayan law] may be best understood as a corporation"). But given that "[d]eciding

---

[1] Mexico City is not a state at all, but rather the administrative district that seats the federal government of Mexico. I will assume, however, that its laws, like those of Washington D.C., authorize and govern the formation of various types of business entities.

3

whether a business enterprise based in a foreign nation should be treated as a corporation for the purpose of § 1332 can be difficult," *Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014), the party invoking federal jurisdiction ought not to rest its jurisdictional allegations on unexamined assumptions. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court.").

Defendant's allegations with respect to plaintiff's citizenship are even more problematic. Although plaintiff alleges that plaintiff is an LLC, it fails to identify even a single of the entity's members, much less does it identify the citizenship of each member or "trace[] through however many layers of... members there may be" and state the citizenship of each. It is no answer to assert, "upon information and belief" that no member of the LLC is a citizen of "Mexico City, Mexico." Leaving aside that allegations globally disclaiming citizenship of any of an LLC's members in a particular state are insufficient, *see e.g., Kehrer Bros. Const. v. Custom Body Co.*, No. 05-CV-246-DRH, 2007 WL 1189370, at *1 (S.D. Ill. Apr. 20, 2007) (declining to rest

jurisdiction on statement that "[u]pon information and belief, none of the members of Custom Truck are Illinois residents or citizens"), even allegations that specifically identify each individual member of an LLC (and that member's members, and so on) and disclaim that member's citizenship in a particular foreign state are also insufficient to support jurisdiction. That is because diversity jurisdiction does not exist in a suit "between foreigners and a mixture of citizens and foreigners," regardless of whether the foreign parties on opposite sides of the suit are citizens of the *same* foreign state or *different* states. *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 10 F.3d 425, 428 (7th Cir. 1993). *See also Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1041 (7th Cir. 2018) (affirming dismissal for lack of diversity jurisdiction of action brought by foreign plaintiff against both foreign and domestic defendants; *Dexia Credit Loc. v. Rogan*, 629 F.3d 612, 618 (7th Cir. 2010) (diversity jurisdiction "does not exist where the party on one side of a case is foreign...and the party on the other side is both domestic and foreign."); *Extra Equipamentos E Exportacao Ltda. v. Case Corp*., 361 F.3d 359, 361 (7th Cir. 2004) ("diversity jurisdiction does not extend to a suit in which there is a U.S. citizen on only one side of the suit and foreign parties on both sides") (citing cases). Accordingly, it is not enough to allege that none of plaintiff's members is a citizen

5

of Mexico, since diversity jurisdiction requires that none of plaintiff's members (tracing through all layers of ownership) be a citizen of *any* foreign state. Defendant's allegations do not support that inference.

Nor can defendant be heard to complain that the complexity of plaintiff's organizational structure made it impossible to ascertain plaintiff's citizenship prior to removal. For one thing, the only authority defendant cites in this connection, *Montgomery v. Cialla*, No. 15-CV-10840, 2017 WL 3720178, at *4 (N.D. Ill. Aug. 29, 2017), merely confirms that jurisdiction cannot rest on speculative or incomplete citizenship allegations. *See id*. (allegations that failed to identify affirmatively the state of one entity's citizenship, while alleging "on belief" that another entity was organized "under the laws of 'another state'" were "inadequate" to plead federal jurisdiction). For another, defendant's insistence that plaintiff has "gone to great lengths to conceal" its offshore affiliates from the public record, that the "publicly available information" about plaintiff's ownership structure does not reveal the existence of plaintiff's "foreign connections," and that there was "simply no way" for defendant to know the facts necessary to ascertain plaintiff's citizenship, Opp. at 3, rings hollow in the absence of any evidence that defendant asked plaintiff to provide the facts it needed to conduct

a jurisdictional analysis at any time prior to removal. At all events, even assuming that plaintiff actively concealed from defendant the existence and identity of its foreign investor, no amount of tactical maneuvering on plaintiff's part can make up for defendant's failure to allege an adequate basis for invoking federal jurisdiction, much less can it confer jurisdiction over a dispute that does not fit within a category of cases contemplated by the removal statute.

Defendant tries to turn the tables, claiming that it is entitled to pursue the relief it seeks (an order quashing service) in federal court because *plaintiff* has not established that its foreign investor is a beneficial party in interest. This argument has the burden backwards, as plaintiff need not prove that remand is warranted in the absence of plausible jurisdictional allegations. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (notice of removal must contain "plausible allegation" supporting jurisdiction); *Schur,* 577 F.3d at 758 (burden rests on removing party to establish federal jurisdiction).

Moreover, defendant's convoluted explanation of how plaintiff's evidence supposedly falls short merely highlights the flaws in defendant's own position. Defendant zeroes in on two aspects of plaintiff's evidentiary submissions: first, evidence of

7

plaintiff's relationship with a "Cayman Islands Company," whose foreign citizenship plaintiff points to as destroying complete diversity; and second, evidence that one of the entities in plaintiff's ownership chain—a Maryland REIT to which defendant refers as "REIT III"—has as its "sole common stock shareholder...a Delaware limited partnership." *See* Opp. at 7-8 (quoting Mot. to Remand at 4).

With respect to the first category of evidence, defendant observes that the Cayman Islands has many types of business entities and argues that because plaintiff did not describe the Cayman Islands Company's "business structure" or otherwise show that the entity should be treated like a U.S. corporation, it must be treated like an unincorporated association whose citizenship derives from its members.[2] But defendant offers no authority for that proposition, and in any event, plaintiff's reply offers evidence that the Cayman Islands Company is an "exempt company" under Cayman Islands law, as well as authority for holding such companies equivalent to U.S. corporations for jurisdictional purposes. Reply at 6 (citing *Roosevelt REO PR, Corp. v. Silva-Navarro*, No. 16-1036 (ADC), 2020 WL 1493904, at *3 (D.P.R. Mar.

---

[2] The irony of this argument, given the implicit assumption in defendant's jurisdictional statement that a Mexican "S.A. de C.V." should be treated like a U.S. corporation for jurisdictional purposes, is apparently lost on defendant.

25, 2020)) ("'Exempt companies' organized under the laws of the Cayman Islands are 'corporations' for purposes of the diversity jurisdiction.") (citing cases).[3] Defendant does not appear to dispute that if the Cayman Islands Company is considered a foreign citizen, diversity jurisdiction is lacking, and nothing in its submission suggests any reason to think that additional discovery will unearth facts to controvert plaintiff's evidence of the entity's organizational character.

Defendant's second argument is even more inscrutable. Defendant begins by acknowledging the principle that "for purposes of diversity jurisdiction, [a Maryland REIT's] members include its shareholders." *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). Straining to avoid the conclusion that REIT III—a Maryland REIT—has, as plaintiff asserts, the citizenship of its "common stockholder," defendant contends that REIT III's Declaration of Trust "irrefutably shows that REIT III's nominal 'common stockholder' does not necessarily have sole beneficial interest in the REIT." Defendant goes on to observe that REIT III has two classes of shareholders, both of which have a beneficial interest in the REIT, and claims that by identifying only the

---

[3] Although litigants generally may not rely on evidence presented for the first time in reply, plaintiff had no burden to disprove defendant's facially inadequate jurisdictional allegations in its motion for remand.

9

"common stockholder," plaintiff has failed to establish the entity's citizenship—a defect it deems "fatal" to its motion to remand. As best I understand the argument, defendant seems to suggest that unless plaintiff offers up the identity of *every* individual or entity having a beneficial interest in REIT III, it cannot prove that diversity jurisdiction is lacking. But this argument fundamentally misunderstands the analysis. As the Seventh Circuit held in *Allendale*, cases involving citizens of a foreign state, on the one hand, and "a mixture of citizens and foreigners," on the other do not trigger the diversity jurisdiction. *Allendale*, 10 F.3d at 428. Accordingly, evidence that plaintiff's ownership chain includes *even one* foreign citizen in addition to a domestic citizen destroys diversity jurisdiction *regardless* of the citizenship, albeit undisclosed, of any remaining entity in plaintiff's ownership chain. Because the record contains prima facie evidence that plaintiff's ownership chain includes foreign and domestic citizens, and defendant offers no reason to believe that discovery will disprove facts supporting plaintiff's foreign citizenship, I conclude that jurisdictional discovery would be futile and that I have no authority to adjudicate the merits of the parties' dispute.

For the foregoing reasons, plaintiff's motion for remand is granted, and defendant's motion to quash is denied for lack of jurisdiction.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: April 15, 2021